IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD EVANS, derivatively on behalf of UNITED DEVELOPMENT FUNDING IV,<br><br>        Plaintiff,<br><br> -against-<br><br>HOLLIS M. GREENLAW, PHILIP K. MARSHALL, J. HEATH MALONE, STEVEN J. FINKLE, JOHN R. RAY, TODD ETTER, UMTH GENERAL SERVICES, L.P., and UMTH LAND DEVELOPMENT, L.P.,<br><br>        Defendants,<br><br>  -and-<br><br>UNITED DEVELOPMENT FUNDING IV,<br><br>        Nominal Defendant. | Case No. 3:16-cv-635-M |

## FINAL JUDGMENT

This matter came before the Court for hearing on April 16, 2018, for approval of the Settlement set forth in the Stipulation of Settlement, dated December 21, 2017 (the "Stipulation"). Due and adequate notice having been given to the shareholders of United Development Funding IV ("UDF IV"), the Court having considered all papers filed and arguments of counsel, and for good cause shown, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

    1.    This Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of this action, including all matters necessary to effectuate the Settlement, and over all parties to the action, including

Defendants Hollis M. Greenlaw, Philip K. Marshall, J. Heath Malone, Steven J. Finkle, John R. Ray, Todd Etter, UMTH General Services, L.P., and UMTH Land Development, L.P. (collectively, the "Individual Defendants"), Defendant UDF IV, and Plaintiff Richard Evans, derivatively on behalf of UDF IV.  Plaintiff and Defendants are collectively referred to as the "Settling Parties".

3. The Court finds that the approved "Summary Notice of Pendency and Proposed Settlement" was published in *Investor's Business Daily*, or in such other form and manner as the Court has directed, and a "Notice of Pendency and Proposed Settlement of Derivative Litigation and Hearing" was published on UDF IV's website.  The Court further finds that these publications provided the best notice practicable under the circumstances to inform all parties entitled to such notice of these proceedings and the Settlement.  The published notices satisfied the notice requirements of the Federal Rules of Civil Procedure, including Rule 23.1, and the requirements of due process.

4. As addressed in the Court's Memorandum Opinion and Order Granting Final Approval of Settlement (ECF No. 68), the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties.  The Court therefore grants final approval of the Stipulation and the Settlement, finds that the Settlement provides substantial benefits to UDF IV and its stockholders, and orders the Settling Parties to comply with the terms of the Settlement to the extent the Settling Parties have not already done so.

5. This action and all claims contained therein or otherwise encompassed thereby, other than their claims for Plaintiff's attorney's fees, up to $650,000 as described in paragraph 9 hereof, are **DISMISSED WITH PREJUDICE**.

6. Upon the entry of the Judgment, Plaintiff, derivatively on behalf of UDF IV, Plaintiff's counsel, and UDF IV shall have and by operation of this Judgment shall be deemed to

have, with respect to each and every "Released Claim" (as defined in Section 2.2 of the Stipulation), released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing, or otherwise prosecuting, any Released Claim against any of the "Released Persons" (as defined by Section 2.3 of the Stipulation).  Nothing herein, however, shall bar any action or claim to enforce the terms of the Stipulation or this Judgment.  Furthermore, this Judgment does not release any claims arising from or relating to the claims alleged in *United Development Funding, L.P. et al. v. J. Kyle Bass et al.*, Dallas County Court No. CC-17-06253-B (filed November 28, 2017), and nothing herein shall be interpreted as limiting or affecting any of the claims asserted in that action in any way, as it currently exists or as it may be amended.

7. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claim, (b) any alleged wrongdoing or liability of the Defendants or the Released Persons; or (c) any alleged fault or omission of any of the Defendants or the Released Persons in any proceeding of any nature.  UDF IV, any of the Individual Defendants, and any Released Person may file a copy of the Stipulation and/or the Judgment in any action that has been or may be brought against any of them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim.

8. On or before July 13, 2018, UDF IV shall cause $1,500,000 to be deposited into an escrow account for further disposition.  Up to $175,000 of this amount will be allocated to corporate governance reforms.  Another $650,000 of this amount may be used to fund an award of attorney's fees and expenses, to be entered by separate Order of the Court.  Of this $650,000,

$2,500 is to be paid to Plaintiff as a special award compensating him for his work in this case. Unless otherwise addressed in the Stipulation or this Order, the Settling Parties are to bear their own costs.

9. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if condition Section 4.1(e) of the Stipulation fails to occur. The Court specifically retains jurisdiction over this matter to make a determination and enter an award of attorney's fees and expenses, to be paid from the $650,000 in escrow that is to be reserved for the payment of such an award.

10. This Judgment is a final, appealable judgment and should be entered by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

June 28, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE